718 A.2d 751

COMMONWEALTH of Pennsylvania, Appellant,

v.

Herman EDMONDSON, Appellee.

Supreme Court of Pennsylvania.

Argued March 5, 1997.

Decided Sept. 23, 1998.

Joseph P. Conti, Robert A. Sambroak, Jr., Erie, Christian A. Trabold, for Com.

Joseph P. Burt, Erie, for Herman Edmondson.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION OF THE COURT*

CASTILLE, Justice.

The sole issue before this Court in this criminal matter is whether the guilty verdicts rendered by the jury were the result of improper judicial coercion stemming from the trial court's supplemental instruction to the jury. Since we find that this issue was not properly preserved for appeal due to appellee's failure to lodge a timely objection to the trial court's instruction, we reverse the order of the Superior Court.

The relevant facts are as follows: On April 8, 1993, at approximately 3:30 a.m., Erie County Police Officer Tom Eberlein was on patrol when he observed a red Pontiac proceed across an intersection against a red light while traveling at a high rate of speed. Officer Eberlein pursued the vehicle for three city blocks. The Pontiac accelerated to a speed of approximately sixty or seventy miles an hour and ran two more red lights before the driver lost control of the vehicle which jumped the curb and came to a stop. Four people, including appellee, jumped out of the car and fled. Appellee was closest to Officer Eberlein, who pursued him first in his police vehicle, and then on foot. As he fled, appellee reached into his pocket and dropped a vial containing 3.7 grams of crack cocaine.

With the help of other officers, Officer Eberlein tackled appellee and subdued him. A search of appellee revealed that he had $743.00 in cash on his person. Appellee was charged

with possession of a controlled substance,[1] possession of a controlled substance with intent to deliver,[2] aggravated assault of a police officer,[3] and resisting arrest.[4] Appellee's jury trial lasted only four hours. In its charge to the jury, the trial court stated, *inter alia*, the following:

> Your verdict must be unanimous. That means in order to return to this courtroom with a verdict, each of you must agree to [the] verdict. You have a duty to consult with each other with a view towards reaching an agreement, but only if you can do so without doing any violence to your own individual judgment. Each of you must decide this case for him or herself. But only after there has been fair and impartial deliberation with your fellow jurors. In the course of deliberation each juror should not hesitate to reexamine his or her view or change his or her mind if convinced it is erroneous. However, no juror should surrender the weight or effect of their conviction merely because it may differ from their fellow jurors or they might be in the minority or for the mere purpose of returning a unanimous verdict.[5]

N.T. at 177–78.

The jury recessed to begin their deliberations at 4:45 p.m. At 6:00 p.m., the jury returned to the courtroom and posed the following question to the court: "[I]f the injury is more accidental than intentional, is it still aggravated assault?" In response, the trial court repeated the legal definition of aggravated assault of a police officer. The jury resumed deliberations at 6:03 p.m. At 6:20 p.m., the jury returned to the courtroom and asked the trial court what would happen to the

1.  35 P.S. § 780–113(a)(16).

2.  35 P.S. § 780–113(a)(30).

3.  18 Pa.C.S. § 2702(a)(3). Appellee struck Officer Eberlein in the nose during the struggle.

4.  18 Pa.C.S. § 5104.

5.  This instruction regarding the jury's obligation to reach an agreement is in complete harmony with the American Bar Association's approved instruction which this Court specifically recommended in *Commonwealth v. Spencer*, 442 Pa. 328, 337–38, 275 A.2d 299, 304–05 (1971).

other charges if they could not reach a verdict on the aggravated assault charge. The trial court responded:

> If you cannot reach a verdict, you mean you would be a hung jury. I am the one who declares whether you're a hung jury or not. This case is about as straightforward as you can get. I am not going to hang this jury. So you'll deliberate until I feel that you can't deliberate anymore.
>
> Now, please do what I've instructed you to do. Find the facts from the evidence and apply them to the law, just the facts. Not theory, ifs ands or buts. This has been a short trial, the evidence is quite clear, you have one or two people to believe basically. I'm not going to hang you on that charge. Let's go back, do your job as responsible jurors.

N.T. at 182. Appellee did not object to the court's supplemental instruction.

The jury returned to the jury room at 6:22 p.m., and at 7:25 p.m., announced a verdict of guilty of all charges. In post-sentence motions, appellee claimed for the first time that the supplemental instruction coerced the jury into reaching a verdict by implying that the jury would not be dismissed until it reached a unanimous verdict. The trial court denied relief, determining that the supplemental instruction was not coercive because the jury had deliberated for a mere one hour and thirty-five minutes before indicating its difficulty in reaching a verdict on the assault charge. The Superior Court reversed and remanded the case for a new trial, finding that the supplemental instruction was coercive, thereby denying appellee his right to a fair trial. *Commonwealth v. Edmondson*, 447 Pa.Super. 596, 602, 670 A.2d 183, 186 (1996).[6] The Superior Court based its reversal on its determination that the trial court's response to the jury's second question was indeed coercive. However, due to appellee's failure to object to that instruction when the court issued it, this issue was not properly preserved for appeal.[7] Pennsylvania Rule of Criminal Procedure 1119 provides in pertinent part:

**6.** In so doing, the Superior Court found it unnecessary to address other issues raised on appeal.

**7.** This Court may raise the issue of waiver sua sponte. *Commonwealth v. Triplett*, 476 Pa. 83, 89, 381 A.2d 877, 881 (1977) (holding that

(b) **No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.** All such objections shall be made beyond the hearing of the jury.

(c) After the jury has retired to consider its verdict, additional or correctional instructions may be given by the trial judge in the presence of all parties, except that the defendant's absence without cause shall not preclude proceeding, as provided in Rule 1117.

(emphasis added). In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), this Court held that allegations of error in the trial court's instructions would not be considered on appeal absent an objection at trial, even if the errors were basic and fundamental. This Court reasoned that:

> The defense may not successfully complain of trial errors for the first time only after the jury has returned a verdict of guilty, unless the errors were initially challenged at trial, and thereby preserved on appeal.... [To hold otherwise] encourages defense counsel to sit by silently without calling errors to the trial court's attention until after the guilty verdict is returned.

*Id.* at 420, 326 A.2d at 273. Requiring a timely, specific objection to be lodged in the trial court ensures that the trial judge has a chance to correct alleged trial errors and eliminates the possibility that the appellate court will be required to expend time and energy reviewing points on which no trial ruling has been made. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).[8]

Here, even though the jury instruction in question may have been coercive, as determined by the Superior Court, appellee failed to object to the trial court's supplemental instruction

although the issue of waiver as to the appellant's allegation of trial court error had not been addressed by either party, this Court could raise the issue of waiver sua sponte).

**8.** There are comparable rules requiring specific objections to trial court's instructions in both civil and criminal cases. *See* Pa.R.C.P. No. 227(b).

when it was given. This failure deprived the court of the opportunity to give a curative instruction if it felt that one was appropriate. Pennsylvania Rule of Criminal Procedure 1119 clearly requires that a timely objection be lodged in order to preserve error in the original instructions. The fact that appellee raised this issue in post-trial motions and in his statement of matters complained of on appeal and the trial court addressed the issue does not change the result. The appellant in *Dilliplaine* raised the issue of error in the trial court's instructions in post-trial motions, and this Court found that the issue was nonetheless waived due to appellant's failure to object.

We reaffirm the policy interests of judicial economy identified in *Clair*. The Superior Court erred by reversing the judgment of sentence based on an issue that has not been properly preserved on appeal. Accordingly, we reverse and remand to the Superior Court for the disposition of appellee's remaining claims.[9]

NIGRO, J., files a concurring opinion.

CAPPY, J., concurs in the result.

NIGRO, Justice, concurring.

Since I agree that Appellee Herman Edmondson failed to properly preserve his objection to the supplemental instruction to the jury, I join the Majority. I write separately, however, because I also find that the challenged supplemental jury instruction did not amount to improper judicial coercion.

Here, as the Majority notes, the challenged instruction was given after the jury had deliberated for only 1 hour and 35 minutes. When the jury returned to the courtroom at that point, the jury's question to the judge indicated that it was experiencing difficulty in reaching a verdict on the aggravated assault charge. In response, the court stated:

9. In doing so, we make no statement on the merits of appellee's waived claim.

The aggravated assault. If you cannot reach a verdict, you mean you would be a hung jury. I am the one who declares whether you're a hung jury or not. This case is about as straightforward as you can get. I am not going to hang this jury. So you'll deliberate until I feel that you can't deliberate anymore. Now please do what I've instructed you to do. Find the facts from the evidence and apply them to the law, just the facts. Not theory, ifs, ands or buts. This has been a short trial, the evidence is quite clear, you have one or two people to believe basically. I'm not going to hang you on that charge. Let's go back, do your job as responsible jurors.

N.T. at 182.

In my view, the court's response, in recognizing that the jury had only deliberated for a short period of time, simply instructed the jury to continue to deliberate to reach a verdict, whether guilty or not guilty, on the assault charge.[1] These remarks did not, as Appellee claims, coerce the jury into convicting Appellee on the aggravated assault charge. *See Commonwealth v. Ford*, 539 Pa. 85, 100, 650 A.2d 433, 439 (1994) (no intrusion into jury deliberations occurs where trial judge, after being informed of a jury's dead lock after one day of deliberations, instructs the jury to continue their work). Rather, I believe this instruction was well within the discretion afforded to trial courts in phrasing jury instructions and supervising the progress of jury deliberations. Clearly, it is a trial judge's function, when possible, to secure a verdict once a trial has been held. The supplemental instruction given here merely reflects the trial judge's neutral efforts to reach that goal in this case.

Moreover, it is well established that when reviewing jury instructions for error, the court must read the instructions as a whole and cannot base a finding of error on isolated excerpts of the charge. *See Commonwealth v. Woodward*, 483 Pa. 1,

---

1. Contrary to Appellee's assertions, the trial judge did not state, or even indicate, that Appellee was guilty but merely recounted that there were only two people present during the alleged assault, each with differing versions of what occurred, and it was the jury's duty to determine who was telling the truth.

394 A.2d 508 (1978) (it is the general effect of the charge that controls). Here, prior to beginning deliberations, the court instructed the jury that:

In the course of deliberation each juror should not hesitate to re-examine his or her view or change his or her mind if convinced it is erroneous. However, no juror should surrender the weight or effect of their conviction merely because it may differ from their fellow jurors or they might be in the minority or for the mere purpose of returning a unanimous verdict.

N.T. at 177–78.

Viewing the jury instructions as a whole, I do not believe that the trial court's remarks were improper or coerced the jurors, in any way, into returning a guilty verdict on the aggravated assault charge.

CAPPY, J., concurs in the result.