**Lauro MAZLO, Appellee**

v.

**Robert P. KAUFMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2001.
Filed Feb. 27, 2002.

a pedestrian.

Peter J. Quigley, Stroudsburg, for appellant.

Before: DEL SOLE, P.J., FORD ELLIOTT and BECK, JJ.

DEL SOLE, P.J.

¶ 1 Robert P. Kaufman (Father) appeals from an order of child support entered after a hearing on a petition to modify filed by Laura Mazlo (Mother). The sole issue raised on appeal is that the court erred in recalculating Mother's income when her petition to modify support only requested daycare and health insurance contributions from Father. We affirm.

¶ 2 The parties hereto are the parents of one minor child. The present order was entered in response to a motion to modify filed by Mother. The petition to modify sought reimbursement of daycare and health insurance costs which had arisen because Appellant lost his job and was no longer providing health insurance for the child. A hearing was held on Mother's petition but neither Appellant nor his counsel attended the hearing despite having notice of the hearing date. Therefore, the Hearing Officer heard Mother's testimony and entered a recommendation. Appellant then filed exceptions in which he raised for the first time the issue raised in this appeal. The trial court denied the exceptions and entered an order in accord with the Hearing Officer's recommendation.[1]

¶ 3 In order to preserve an issue for review, litigants must make timely and specific objections during trial. *Takes v. Metropolitan Edison Co.*, 548 Pa. 92, 695 A.2d 397 (1997). Claims which have not been raised in the trial court may not be raised for the first time on appeal. *Commonwealth v. Gordon*, 364 Pa.Super. 521, 528 A.2d 631 (1987), *appeal denied*, 517 Pa. 621, 538 A.2d 875 (1988). Our Supreme Court has frequently stressed the necessity of raising claims at the earliest opportunity, *i.e.*, during the trial or hearing, so that alleged errors can be corrected promptly, thus eliminating the possibility that an appellate court will be required to expend time and energy reviewing claims on which no trial ruling has been made. *See Commonwealth v. Edmondson*, 553 Pa. 160, 718 A.2d 751 (1998); *Takes v. Metropolitan Edison Co.*, 548 Pa. 92, 695 A.2d 397 (1997); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

¶ 4 Presently, not only did Appellant not object at the hearing, he did not even attend the hearing. Appellant's failure to attend the hearing and make a proper objection deprived the Hearing Officer of the opportunity to promptly correct any

1. We note that Monroe County uses the procedure set forth in Pa.R.C.P.1910.12 in which there is a hearing before a Hearing Officer after which a party may file exceptions which are disposed of by a judge. There is no right to a hearing *de novo* before a judge.

error and deprives this Court of a record adequate for appellate review. As our Supreme Court stated in *Clair*, "[To hold otherwise] encourages ... counsel to sit by silently without calling errors to the trial court's attention until after the ... verdict is returned." *Edmondson*, 718 A.2d at 753 (quoting *Clair*, 326 A.2d at 273). To grant Appellant the relief he seeks, namely a new hearing, when he has declined to attend the initial hearing would truly turn the first hearing into a "dress rehearsal," *Takes*, 695 A.2d at 400, and allow Appellant to benefit by his disregard of appropriate procedure and long-standing principles of waiver.

¶ 5 Accordingly, as we find Appellant has not preserved his claim for appellate review, we affirm the trial court's order.

¶ 6 Order affirmed.