IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renarda Walker                          :
                                        :   No. 1662 C.D. 2015
        v.                              :
                                        :   Submitted:  March 24, 2016
The City of Pittsburgh and              :
Duquesne Electric Light and             :
Power Company                           :
                                        :
Appeal of:  City of Pittsburgh          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                  FILED:  July 29, 2016


        The City of Pittsburgh (City) appeals from the August 27, 2015 decision of the Court of Common Pleas of Allegheny County (trial court), finding the City liable for injuries sustained by Renarda Walker (Walker) when she tripped over a divot and fell in Downtown Pittsburgh.  We dismiss the appeal because the City did not file a post-trial motion and, therefore, failed to preserve any issue for appellate review.

        On September 2, 2014, Walker filed a complaint against the City and Duquesne Electric Light and Power Company (Duquesne Light Company) in the

compulsory arbitration division of the Allegheny County Court of Common Pleas.[1] In her complaint, Walker alleged that on September 4, 2012, she was crossing Chatham Street in Downtown Pittsburgh and stepped into a large divot in the street, which was located directly off of the curb area and near a manhole. Walker asserted a negligence claim against the City and Duquesne Light Company and contended that her claim met the "streets" exception to governmental immunity found in section 8542(b)(6) of what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §8542(b)(6). After a Board of Arbitrators entered an award in favor of the City and Duquesne Light Company, Walker filed a *de novo* appeal to the trial court.

On August 26, 2015, the trial court conducted a non-jury trial. Walker testified about her fall, the injuries she sustained, the medical treatment she received, and her out of pocket medical expenditures. Walker also submitted as evidence photographs of the area where she fell. At the close of Walker's case-in-chief, the City and Duquesne Light Company moved for a voluntary non-suit. The trial court granted Duquesne Light Company's motion for a non-suit, but denied the City's motion.

On August 27, 2015, the trial court issued a decision in favor of Walker and against the City in the amount of $1,257.00. Following the trial court's decision, the City did not file a post-trial motion. Instead, on August 31, 2015, the City filed a notice of appeal to this Court. Pursuant to the trial court's September 2, 2015 order, the City filed a Pa.R.A.P. 1925(b) statement on September 15, 2015, alleging, *inter*

---

[1] Allegheny County Local Rule 1301(1)(a), a civil action shall first be submitted to and heard by a Board of Arbitrators where the demand is for $35,000.00 or less (exclusive of interest and costs).

*alia*, that Walker's evidence was insufficient to establish that the City had actual or constructive notice of a dangerous condition under section 8542(b)(6)(1) of the Tort Claims Act, 42 Pa.C.S. §8542(b)(6)(1).[2]

In its Pa.R.A.P. 1925(a) opinion, the trial court first concluded that the City waived all of the issues that it asserted in its 1925(b) statement because the City did not file a post-trial motion. (Trial court op. at 1.) The trial court also concluded that Walker submitted sufficient circumstantial evidence establishing that the City had constructive notice of the dangerous condition, reasoning as follows:

> Walker . . . provided proof of notice to the City of the specific dangerous condition primarily via photographs of it taken the same day she was injured. The photographs show that the part of the depression where she tripped is located within a typical pedestrian crosswalk that is designated by approximately one foot wide white lines painted on the street surface. The depression is from an asphalt repair patch, but one of the white crosswalk lines is painted onto the depression. Therefore, the City must have been aware of the depression when it painted the white pedestrian crosswalk line onto it. With the paint appearing worn, I find the City had more than adequate time to remedy this defect that should have been discovered when the City painted it.

(Trial court op. at 2-3.)

On appeal to this Court, the City raises one issue for review in its appellate brief: whether the trial court erred in concluding that Walker presented sufficient evidence to charge the City with constructive notice of a dangerous condition. The City also contends that it was not required to file a post-trial motion

---

[2] To recover under the streets exception, the plaintiff "must establish that . . . the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(1).

and that there was no prejudice to any party as of result of its failure to file a post-trial motion.

As an initial matter, we determine whether the City waived the one issue that it raises in its appellate brief. It is now well-settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review. *See, e.g., Commonwealth v. Edmondson*, 718 A.2d 751, 752 n.7 (Pa. 1998) ("This Court may raise the issue of waiver *sua sponte*."); *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009).

The Pennsylvania Supreme Court has concluded that the filing of a post-trial motion is mandatory if a litigant wishes to preserve issues for further review. *L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55 (Pa. 1998) (concluding that Pa.R.C.P. No. 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes."). *See Municipal Authority of Hazle Township v. Lagana*, 848 A.2d 1089, 1092-93 (Pa. Cmwlth. 2004). Pursuant to Pennsylvania Rule of Civil Procedure 227.1(c): "Post-trial motions **shall** be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or **the filing of the decision in the case of a trial without jury**." Pa.R.C.P. No. 227.1(c) (emphasis added).

Significantly, a party is required to file a post-trial motion following the entry of a decision after a bench trial or a non-jury trial. *Warfield v. Shermer,* 910 A.2d 734, 737 (Pa. Super. 2006) (reiterating that the Superior Court has consistently dismissed "appeals from orders or verdicts following non-jury trials when no post-trial motions were filed."). "Where a party fails to file timely post-trial motions after

4

a bench trial, no issues are preserved for this Court to review." *Liparota v. State Workmen's Insurance Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999).

Here, the trial court convened a bench trial and issued a decision on August 27, 2015. The City readily concedes that it did not file a post-trial motion after the trial court issued its decision, but, instead, filed a Pa.R.A.P. 1925(b) statement. Although the City raised the issue in its Pa.R.A.P. 1925(b) statement that it now seeks to argue on appeal, we conclude that this issue is nonetheless waived because the City failed to file a post-trial motion before the trial court. *Diamond Reo Truck Co. v. Mid-Pacific Industries*, 806 A.2d 423, 429 (Pa. Super. 2002) ("The failure to file post-trial motions cannot be excused or replaced by the filing of a 1925(b) statement. Thus, issues that are waived for failure to file post-trial motions or for other reasons cannot be revived or saved simply by raising those issues in a 1925(b) statement."); *accord Whitpain Homeowners Association v. Schiller*, 811 A.2d 1111, 1114 n.4 (Pa. Cmwlth. 2002).

Contrary to the City's assertion, the requirement of filing a post-trial motion is mandatory and the failure to do so results in waiver, regardless of whether the opposing party suffers prejudice. As the Superior Court explained: "[T]his is not blind insistence on a mere technicality since post-trial motions serve an important function in [the] adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review." *Diamond Reo Truck Co.*, 806 A.2d at 428 (citation omitted).

Because the City did not file a post-trial motion below, it did not preserve any issue for our review. Accordingly, we dismiss this appeal.[3]

_____
PATRICIA A. McCULLOUGH, Judge

_____

[3] Even if we did not dismiss the appeal, this Court would be reluctant to find that the trial court, in its capacity as fact-finder and corresponding authority to draw reasonable inferences from the evidence, erred in finding that the City could be charged with constructive notice. Nonetheless, we need not decide this issue because it is waived.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renarda Walker       :
             : No. 1662 C.D. 2015
     v.       :
             :
The City of Pittsburgh and   :
Duquesne Electric Light and  :
Power Company      :
             :
Appeal of:  City of Pittsburgh  :

## *ORDER*

   AND NOW, this 29th day of July, 2016, the City of Pittsburgh's appeal from the August 27, 2015 decision of the Court of Common Pleas of Allegheny County is hereby dismissed.

            _____
            PATRICIA A. McCULLOUGH, Judge