J-S68034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BETH M. JAMESON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN S. JAMESON | : | |
| | : | |
| Appellant | : | No. 883 WDA 2019 |

Appeal from the Order Entered May 23, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD-17-7610

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           FILED DECEMBER 13, 2019

John S. Jameson (Husband) appeals pro se from the denial of his petition

for special relief by the Court of Common Pleas of Allegheny County (trial

court) in this divorce action.  We affirm.

The trial court summarized the facts of this matter in its Pa.R.A.P.

1925(a) opinion:

> Husband and Appellee/Plaintiff Beth M. Jameson (Wife) were
> married on July 26, 1997.  The parties separated on March 18,
> 2017.  Wife filed a Complaint in Divorce on March 22, 2017, which
> included a claim for equitable distribution.  Husband did not file a
> counterclaim.  An equitable distribution conciliation was held on
> October 2, 2018.
>
> Following the conciliation, on October 17, 2018, the case was
> referred to the permanent Master for a one-day hearing, the cost
> for which was to be shared equally between the parties.  Wife
> ultimately paid the total fee when Husband failed and/or refused

_____

[*] Retired Senior Judge assigned to the Superior Court.

to pay his share of the Master's fee. By Order of Court dated November 8, 2018, the matter was scheduled before Master Tricia Sorg on February 13, 2019.

On December 10, 2018, this Court granted Husband's counsel's Motion for Leave to Withdraw as Counsel for Defendant on the basis there was an impasse in the attorney-client communications and noted that there would be no continuances granted as a result of the withdrawal.

On January 19, 2019, Wife filed her Pretrial Statement and mailed a copy to Husband at his residence. Husband did not file a Pretrial Statement. On February 13, 2019, Husband failed to appear for the Master's hearing. Master Sorg conducted the hearing in Husband's absence and issued her Report and Recommendation (Report) on March 7, 2019.

Husband filed Exceptions to Master Sorg's Report on March 27, 2019. On April 15, 2019, Wife presented a Motion to Dismiss Defendant's Exceptions to the Master's Report and Recommendation dated March 7, 2019 (Motion to Dismiss). In her Motion to Dismiss, Wife alleged that Husband had proper notice of the Master's hearing, yet voluntarily failed to either file a Pretrial Statement or attend the hearing. Furthermore, Wife alleged that Husband failed to properly file his Exceptions, namely by not complying with Pa.R.C.P. § 1920.55(2)(b) and the Allegheny County Adult Section Court Manual. Moreover, Husband also failed to serve Wife with [a] copy of his Exceptions; it was only upon her review of the court docket in preparation of a Praecipe to Transmit the Record in pursuit of a divorce decree that Wife even discovered Husband's Exceptions.

Despite Wife mailing notice of her Motion to Dismiss to Husband at his residence, Husband failed to appear to oppose Wife's Motion to Dismiss. As a result of Husband's failure to participate in the proceedings before the Master and his failure to oppose Wife's Motion to Dismiss, by Order of Court dated April 15, 2019, this Court granted Wife's Motion to Dismiss. Thereafter, on April 26, 2019, this Court entered an Order of Court affirming the Master's Report as a Final Decree.

On May 23, 2019, Husband presented a Petition for Special Relief in which he requested reinstatement of his Exceptions to the Master's Report. In his Petition, Husband alleged that Wife's

counsel failed to "meet and confer" with him prior to presentation and that Wife's Motion to Dismiss did not indicate that it had been emailed to this Court's clerk. Following an off-the-record oral argument, during which Husband admitted to receiving notice of Wife's Motion to Dismiss, this Court denied Husband's Petition for Special Relief.

On June 17, 2019, Wife presented a Motion for Entry of Divorce Decree in which she alleged that on March 19, 2019, she filed an Affidavit under § 3301(d) of the Divorce Code to pursue entry of a divorce decree and on April 8, 2019, had filed Notice of Intention to Request Entry of Divorce Decree. Wife alleged that on April 8, 2019, Husband filed a Counter-Affidavit under § 3301(d) indicating his opposition to entry of the divorce decree due to his belief that the marriage is not irretrievably broken, but also that he did not wish to pursue any claims for economic relief. Husband appeared to oppose Wife's Motion. Following an off-the-record oral argument, during which Husband engaged in a rambling monologue that offered no explanation for why this Court should not grant Wife's requested relief, by Order of Court dated June 17, 2019, this Court granted Wife's Motion for Entry of Divorce Decree.

Trial Court Opinion, 8/21/19, at 2-5 (internal footnote omitted).

After Husband timely appealed the denial of his petition for special relief, the trial court directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 within 21 days. Husband, however, never filed a Rule 1925 statement.

Before addressing his arguments, we must determine whether Husband has preserved them for our review. This Court has emphasized the requirement to submit a Rule 1925(b) statement:

Pa.R.A.P 1925(b) provides that a judge entering an order giving rise to a notice of appeal 'may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement').' Rule 1925 also states that '[i]ssues not included

in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.' Pa.R.A.P. 1925(b)(4)(vii). In Commonwealth v. Lord, [ ] 719 A.2d 306 ( [Pa.] 1998), our Supreme Court held that 'from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.' Lord, 719 A.2d at 309; see also Commonwealth v. Castillo, [ ] 888 A.2d 775, 780 ( [Pa.] 2005) (stating any issues not raised in a Rule 1925(b)statement are deemed waived). This Court has held that '[o]ur Supreme Court intended the holding in Lord to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.' Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in original) (quoting Commonwealth v. Schofield, [ ] 888 A.2d 771, 774 ([Pa.] 2005)).

U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua, 193 A.3d 994, 996-97 (Pa. Super. 2018).

"[I]n determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order." In re Estate of Boyle, 77 A.3d 674, 676 (Pa. Super. 2013). Here, the trial court entered the following order after Husband filed his notice of appeal:

> AND NOW, to-wit, this 2[nd] day of July 2019, this Court, being in receipt of a NOTICE OF APPEAL filed in the within captioned matter on June 17, 2019, by the Defendant, John S. Jameson, hereby ORDERS and DIRECTS that the Defendant file of record in this Court and serve upon the undersigned and the Plaintiff, BETH M. JAMESON, a concise statement of the errors complained of on appeal ("Statement") within twenty-one (21) days from the date

of this Order's entry on the docket, pursuant to Pa.R.A.P. 1925(b)(1) & (2).

Pursuant to Pa.R.A.P. 1925(b)(3)(iv), any issue not properly included in the Statement timely filed and served shall be deemed waived.

Order, 7/2/19 (emphasis in original). Besides the 21-day filing period being consistent with the time allocated by Pa.R.A.P. 1925(b)(2), the court's order specifically warned Husband that failure to file a Rule 1925 statement would result in waiver. Consequently, the order put Husband on sufficient notice of what would result if he did not file a Rule 1925 statement.

We must also determine if Husband was properly served with the court's order. See Presque Isle, 88 A.3d at 226. "[A]lthough this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefits upon an appellant." Commonwealth v. Lyon, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." Id. Husband admits that he received the court's July 2, 2019 order to file a Rule 1925 statement. Husband's Brief at 5 (unpaginated). Not only does he admit that he received the court's order, he fails to provide an adequate explanation for why he did not comply, only asserting that his response to this Court's docketing statement was sufficient. Consequently, by failing to file a Rule 1925(b) statement as required by the trial court's order, Husband's claims on appeal are waived.

Even if his claims were preserved, we would find that the trial court did not err in denying Husband's petition for special relief.[1] Husband maintains that he was unaware of any hearings from October 2018 to March 2019 and never received notice of the Master's hearing. But as Wife observes, Husband was provided with several notices of the February 13, 2019 hearing. First, Husband was still represented by counsel in October 2018 when the Master's hearing was scheduled and the record reflects that a copy of the scheduling order was sent to counsel. But even if counsel did not notify Husband of the hearing, he would have received notice through counsel's motion to withdraw, which stated that the hearing was scheduled for February 13, 2019. Counsel's motion included a certification that a copy had been mailed to Husband's home address. In addition, Wife filed her pretrial statement on January 29, 2019, and mailed a copy to Husband at his home address. In her statement, Wife identifies the Master's hearing as being set for February 13, 2019. Based on these notices, the trial court did not abuse its discretion in denying Husband's

_____

[1] We review a trial court's decision to grant or deny special relief in divorce actions under an abuse of discretion standard as follows:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

Prol v. Prol, 935 A.2d 547, 551 (Pa. Super. 2007) (quotation omitted).

petition based on his failure to attend the Master's hearing.  See Mazlo v. Kaufman, 793 A.2d 968 (Pa. Super. 2002) (finding that father waived his challenge to child support determination by failing to attend hearing).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/13/2019