J-S06020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR TIRADO | : | |
| | : | |
| Appellant | : | No. 1567 MDA 2022 |

Appeal from the PCRA Order Entered September 7, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001914-2017

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: APRIL 13, 2023**

Appellant Victor Tirado appeals from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition. Appellant's PCRA counsel, Christopher P. Lyden, Esq. (PCRA counsel) has filed a petition to withdraw and a **Turner**/**Finley**[2] brief. We affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

The underlying facts of this matter are well known to the parties. **See Commonwealth v. Tirado**, 442 MDA 2018, 2018 WL 5961410, at *1 (Pa. Super. filed Nov. 14, 2018) (unpublished mem.) (**Tirado I**); PCRA Ct. Op.,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

12/31/19, at 1-7. Briefly, on the evening of September 9, 2015, Rahdir Maxton was shot once in the head and taken to a hospital, where he died a few days later. At Appellant's trial, David Ramos-Perez testified that he, Harry Espada, and Appellant were together on the night of September 9, 2015. Appellant told Ramos-Perez that he had ordered twenty ounces of crack cocaine, and the three men drove to pick up the drugs. While they were driving, Appellant called the seller to let him know he was on his way. When Appellant and the other men arrived, Espada parked the car and Appellant got out. While Ramos-Perez and Espada were waiting in the car, Ramos-Perez heard a loud noise, similar to a firework. Appellant then ran back to the car and said "we gotta go, let's get out of here" and "it only took one shot."

On February 1, 2018, following a two-day trial, a jury found Appellant guilty of first-degree murder. The trial court sentenced Appellant to life imprisonment on February 7, 2018. Elizabeth R. Donnelly, Esq. and Elizabeth A. Low, Esq. (collectively, trial counsel) represented Appellant at trial. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on November 14, 2018. *See Tirado I*, 2018 WL 5961410, at *4. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Appellant then filed a timely first *pro se* PCRA petition. The PCRA court subsequently appointed counsel, who filed an amended petition raising claims of ineffective assistance by trial counsel. The PCRA court dismissed Appellant's petition on December 4, 2019, and Appellant appealed to this

Court. This Court affirmed the PCRA court's order on August 11, 2020. **Commonwealth v. Tirado**, 2011 MDA 2019, 2020 WL 4660224 (Pa. Super. filed Aug. 11, 2020) (unpublished mem.) (**Tirado II**). Our Supreme Court denied Appellant's petition for allowance of appeal on February 3, 2021. **Commonwealth v. Tirado**, 244 A.3d 1221 (Pa. 2021) (**Tirado III**).

Appellant filed the instant PCRA petition, his second, on December 7, 2021. The PCRA court appointed PCRA counsel to represent Appellant. PCRA counsel filed an amended petition invoking the newly discovered evidence to the PCRA's one-year time-bar.[3] **See** Am. PCRA Pet., 3/31/22, at 2 (unpaginated). Specifically, Appellant claimed that in December of 2021, he obtained an affidavit in which Ramos-Perez recanted his trial testimony. **See id.** at 1-2 (unpaginated). Appellant raised a substantive claim of after-discovered evidence related to the affidavit and argued that trial counsel was ineffective for failing to investigate and cross-examine Ramos-Perez about whether he received a plea bargain for unrelated criminal charges in exchange for his testimony. **See id.** at 2 (unpaginated).

The PCRA court held an evidentiary hearing on August 25, 2022. On direct examination, Appellant showed Ramos-Perez the affidavit and a

---

[3] Here, Appellant did not petition for allowance of appeal to our Supreme Court, and Appellant's judgment of sentence became final on December 14, 2018. **See** 42 Pa.C.S. § 9545(b)(3). The time for filing a timely PCRA petition expired on Monday, December 16, 2019. **See** 42 Pa.C.S. § 9545(b)(1); 1 Pa.C.S. § 1908. Appellant timely filed his *pro se* PCRA petition within one year of obtaining newly discovered evidence, here the affidavit purportedly signed by Ramos-Perez. **See** 42 Pa.C.S. § 9545(b)(1)(ii).

handwritten note, both of which purported to be recantations of his trial testimony. N.T. PCRA Hr'g, 8/25/22, at 9-16. Ramos-Perez denied signing the affidavit or writing the note. *Id.* at 15-17. Ramos-Perez further explained that the handwriting on the note was not his handwriting. *Id.* at 16-17. Ramos-Perez stated that his trial testimony was truthful. *Id.* at 18-19. Additionally, PCRA counsel withdrew Appellant's claim of ineffective assistance of trial counsel. *Id.* at 20-21.

The PCRA court denied Appellant's petition on September 7, 2022. Appellant timely appealed. PCRA counsel filed a Pa.R.A.P. 1925(b) statement identifying issues that Appellant wished to raise on appeal and PCRA counsel's conclusion that these issues were frivolous. PCRA counsel did not indicate if he intended to file a petition to withdraw pursuant to *Turner*/*Finley*. *See* Pa.R.A.P. 1925(c)(4). The PCRA court issued a Rule 1925(a) opinion concluding that Appellant's issues are meritless.

On December 29, 2022, PCRA counsel filed a *Turner*/*Finley* brief and a petition to withdraw with this Court. Appellant did not file a response to PCRA counsel's petition to withdraw.

In the *Turner/Finley* brief, PCRA counsel identifies the following issues:

1. Did the PCRA court err by failing to grant relief because David Ramos-Perez, a key witness for the commonwealth at trial, recanted his testimony and the recantation was exculpatory?

2. Did the PCRA court err by failing to find that trial counsel was ineffective for failing to adduce testimony from David Ramos-Perez indicating that he was testifying for the Commonwealth in exchange for a deal on open criminal charges?

***Turner/Finley*** Brief at 4 (formatting altered).

Initially, we must consider whether PCRA counsel met the technical requirements for withdrawing from representation. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). As this Court has explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed. . . . under [***Turner*** and ***Finley***] and. . . . must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> \* \* \*
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Id.*** at 510-11 (citations omitted and formatting altered).

Here, PCRA counsel detailed his review of the case, evaluated the issues identified by Appellant, and concluded that Appellant's issues are meritless. ***Turner***/***Finley*** Brief at 9-12 (pagination supplied). PCRA counsel also provided Appellant with a copy of the ***Turner***/***Finley*** brief and the petition to withdraw, as well as a letter advising Appellant of his right to proceed *pro se* or with privately retained counsel. PCRA Counsel's Ltr., 12/15/22. Therefore,

we conclude that PCRA counsel has complied with the requirements necessary to withdraw as counsel.[4]  **See Muzzy**, 141 A.3d at 510-11.

## After Discovered Evidence

In the first issue identified by PCRA counsel, Appellant asserts that an affidavit in which Ramos-Perez purportedly recanted his trial testimony is after-discovered evidence entitling Appellant to a new trial.  **Turner**/**Finley** Brief at 9-10 (pagination supplied).  PCRA counsel explains that at the PCRA hearing, Ramos-Perez testified that he did not sign an affidavit or write a letter recanting his trial testimony.  **Id.** at 10 (pagination supplied).  PCRA counsel concludes that because there is no evidence that Ramos-Perez recanted his testimony, the PCRA court did not err by denying Appellant's after-discovered claim.  **Id.**

This Court has explained that

> our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.  The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

---

[4] We note that PCRA counsel's **Turner**/**Finley** brief does not contain a copy of the Rule 1925(b) statement, as required under Pa.R.A.P. 2111(a)(11). Although we do not condone this defect, it does not prevent effective appellate review in this case.  Therefore, we will address the issue as raised in the **Turner**/**Finley** brief.  **See, e.g.**, **Commonwealth v. Sauers**, 159 A.3d 1, 4 n.3 (Pa. Super. 2017).

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

In reviewing an after-discovered evidence claim, this Court has explained:

> To establish eligibility on the basis of after-discovered evidence, a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict if a new trial were granted. In determining whether the evidence would compel a different verdict, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction.

*Id.* at 1060 (citations and quotation marks omitted).

> When evaluating whether a petitioner has established by a preponderance of the evidence that the after-discovered evidence would likely produce a different verdict, a court must examine the persuasiveness of the new evidence assuming the fact-finder believes it. This inquiry includes evaluations of (1) the nature of the new evidence; (2) whether, and to what extent, the new evidence is consistent or inconsistent with other trial testimony; and (3) whether, and to what extent, the new evidence is consistent or inconsistent with documentary evidence.

*Commonwealth v. Payne*, 210 A.3d 299, 302 (Pa. Super. 2019) (*en banc*) (citations omitted).

The after-discovered evidence test "is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted).

Our Supreme Court has explained that

as a general matter, recantation evidence is notoriously unreliable, particularly where the witness claims to have committed perjury. This Court has also emphasized, however, that, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole.

*Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004) (citations omitted and formatting altered).

Here, the PCRA court addressed Appellant's after-discovered evidence claim as follows:

Regarding [] Appellant's first claim[,] . . . that David Ramos-Perez had allegedly recanted the testimony he provided during [] Appellant's trial—it must fail. [PCRA] counsel conceded that the issue is frivolous, stating "Ramos-Perez did not recant his [trial] testimony at the PCRA evidentiary hearing." Statement of Matters Complained on Appeal, [11/8/22, at] 1. Ramos[-]Perez stated at the PCRA hearing that "I ain't [sic] talk to nobody. I don't want to talk about nothing. I ain't [sic] talked to nobody. I ain't [sic] even know about this." [N.T. PCRA Hr'g at 5]. Ramos-Perez later testified that "I don't—I'm confused. I'm lost. I don't know what's going on here. I don't know why I'm back in court or none of that. I didn't get no letters saying I'm corning back to court for this." [*Id.* at 8-9].

The signed affidavit purportedly admitting [that Ramos-Perez] lied during his trial testimony was initially forwarded to the Innocence Project, and then forwarded to [] Appellant. [*Id.* at 16]. When presented with the signed affidavit describing the recantation that purported to bear [his] signature, Ramos-Perez testified that the signature on the affidavit was not his signature, and that he did not write any of the information contained within the affidavit [or the note]. [*Id.* at 15]. Moreover, Ramos-Perez testified that the handwriting contained in the affidavit [and the note] was not his handwriting. [*Id.* at 16].

- 8 -

> As such, by admission of [] Appellant's own counsel, and due to the testimony provided at the PCRA hearing, this court finds [] Appellant's first claim to be meritless; therefore, the request for a new trial should be denied.

PCRA Ct. Op., 12/27/22, at 1-2 (formatting altered).

Based on our review of the record, we agree with the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043. At the PCRA hearing, Ramos-Perez denied that he had signed the affidavit or written the note in which purported that he had recanted his trial testimony. *See* N.T. PCRA Hr'g, 8/25/22, at 15-17. Further, Ramos-Perez confirmed that he testified truthfully at Appellant's trial. *See id.* at 18-19. Because Ramos-Perez did not recant his trial testimony, Appellant cannot show the affidavit or note would compel a different verdict if a new trial were granted. *See Sandusky*, 203 A.3d at 1060. Therefore, we agree with PCRA counsel's conclusion that Appellant's first claim of error is meritless.

**Ineffective Assistance of Counsel**

In the second issue identified by PCRA counsel, Appellant asserts that trial counsel was ineffective for failing to cross-examine Ramos-Perez about his motive to lie in exchange for leniency in a pending criminal case against him. *Turner*/*Finley* Brief at 10-11 (pagination supplied). PCRA counsel explains because there was no evidence presented at the PCRA hearing that Ramos-Perez lied during his trial testimony in exchange for a plea deal with the Commonwealth, Appellant cannot show that trial counsel was ineffective for failing to attack Ramos-Perez's credibility. *Id.* at 11 (pagination supplied).

PCRA counsel therefore concludes that the PCRA court did not err by denying Appellant's ineffective assistance of counsel claim. ***Id.***

Before we address the merits of this claim, we must first determine if it has been preserved for appeal. This Court may raise this issue of waiver *sua sponte*. ***See Commonwealth v. Edmondson***, 718 A.2d 751, 752 n.7 (Pa. 1998). "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

"Issues not raised before the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). When an appellant withdraws or abandons a claim before the trial court, he has waived that claim on appeal. ***See, e.g.***, ***Commonwealth v. Bartee***, 868 A.2d 1218, 1221 n.6 (Pa. Super. 2005) (holding that when the defendant waived a challenge to the validity of a search warrant which he originally raised in his omnibus pretrial motion but subsequently withdrew at the suppression hearing).

As noted previously, the record reflects that Appellant withdrew his ineffectiveness claim against trial counsel at the PCRA hearing. ***See*** N.T. PCRA Hr'g, 8/25/22, at 20-21; ***see also*** PCRA Ct. Op., 12/27/22, at 2-3. Therefore,

Appellant has waived this claim, and no relief is due.[5]  ***See Bartee***, 868 A.2d at 1221 n.6; Pa.R.A.P. 302(a).

For these reasons, we discern no error or abuse of discretion by the PCRA court in denying Appellant's petition.  Additionally, our review of the record has not revealed any other issues of merit.  ***See Muzzy***, 141 A.3d at 510-11.  Therefore, we affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2023

---

[5] We note that the PCRA court did not find that Appellant waived his ineffectiveness claim for appeal.  Instead, the PCRA court concluded that the issue was meritless because Appellant did not present any evidence that Commonwealth had offered Ramos-Perez a deal in exchange for his testimony.  ***See*** PCRA Ct. Op., 12/27/22, at 3-4.  In any event, for the reasons stated previously, we affirm the PCRA court's ruling on a different basis.  ***See Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (stating that it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself" (citations omitted)).