J-A14021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WALKER, JR. | : | |
| | : | |
| Appellant | : | No. 802 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003135-2021

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 27, 2025**

Appellant William Walker, Jr. appeals from the judgment of sentence[1] imposed after he pled guilty to one count of trafficking in individuals, nine counts of sexual abuse of children – knowingly photographs a minor engaged in a sexual act ("Sexual Abuse – Photographs"), one court of sexual abuse of children – knowingly disseminates photographs of a minor engaged in a sexual act ("Sexual Abuse – Disseminates"), and one count of sexual abuse of children – intentionally views or knowingly possesses photographs of a minor

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant's notice of appeal purports to appeal from the February 8, 2024 order denying his post-sentence motions.  **See** Notice of Appeal, 3/5/24.  However, in a criminal case, the appeal lies from the judgment of sentence.  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).

engaged in a sexual act ("Sexual Abuse – Possesses").[2]  On appeal, Appellant

challenges the trial court's denial of his post-sentence motion to withdraw his

guilty plea and claims that the trial court abused its discretion at sentencing.

After review, we affirm.

The trial court summarized the factual background of this case as

follows:

> On [January 8, 2021, Appellant], 62-years-old[,] arrived at the
> Special Investigation Unit of the Delaware County District
> Attorney's Office and spoke to Detective Steve Bannar to file a
> complaint against Chester City Police Department for not
> investigating [a] report he filed against a 17-year-old female
> [("Victim")].    [Appellant's] report against [Victim regarded]
> alleged damage [Victim] had done to his vehicle.[3]  [Appellant]
> asked Det. Bannar if he could "get in any trouble if [Victim]
> happened to be under [the] age of eighteen."  [Appellant] told
> Det. Bannar he was intimate with [Victim] and when Det. Bannar
> asked him if [Victim] was a prostitute, [Appellant] said no but he
> does take [Victim] out and buys her things.
>
> On [January 14, 2021,] Officer [Jennifer] Jones [of the City of
> Chester Police Department] met with [Victim] regarding her
> relationship with [Appellant].  [Victim] said that [Appellant] has
> been acquainted with her family and she knew him from that
> acquaintance.  On an unknown date in October[, Victim] was at
> the Sunoco A-Plus located at the intersection of Kerlin [Street]
> and 9th Street[ in the] City of Chester when [Appellant]
> approached her.    [Appellant] obtained [Victim's] cell phone
> number and told her that she could be his friend and he would
> take her shopping.  [Victim] said that the acquaintance quickly
> turned into a sexually involved one when [Appellant] offered to
> buy her whatever she wanted if she would "come spend the night

_____

[2] 18 Pa.C.S. §§ 3011(a)(1), 6312(b)(2), 6312(c), & 6312(d), respectively.

[3] Appellant also claims that Victim committed arson by setting fire to another
one of his vehicle's the night he reported the initial vehicle damage to police.
**See** Appellant's Sentencing Mem., 1/8/24, at 3-4.

with [him] and make [him] feel good (implying having a sexual relationship)." [Victim] and [Appellant] mostly used texting to communicate and at times spoke on the phone. [Appellant] contacted [Victim] several times a week [to] come to his residence where he would have her perform various sex acts with him in exchange for money and material items. The sexual relationship began in October and ended around the end of December when [Victim] became concerned that [Appellant] was being too controlling, often [threatening] to turn off her phone access. During the sexual encounters with [Appellant], which involved vaginal, oral and digital penetration sex, [Appellant] would video and photograph the acts using his cell phone while they were at his house. [Appellant] bought [Victim] clothes, sneakers, and an iPhone 11 Pro Max valued at approximately $1,000.00. [Victim] said that [Appellant] spent approximately $2,000.00 on her in exchange for sexual favors.

[Victim] told Officer Jones that the relationship with [Appellant] ended when she told him she did not want to see him anymore. [Appellant] became angry and vandalized [Victim's] vehicle. [Victim] said that the videos and pictures [Appellant] took using his cell phone [were] then sent to her family and friends in retaliation for [Victim] not wanting to be with him any longer. [Victim] also said that [Appellant] admitted he sent the pictures and videos to her family and friends. [Victim] said that she also received the videos and pictures from people who [Appellant] sent them to, to show her what he did. In addition, [Appellant] commenced to harass [Victim] by text threatening her and intimidating her to keep the sexual relationship going. [Appellant] also used these threats to compel her not to disclose their sexual relationship.

On [January 25, 2021, Victim] was interviewed at the Delaware County Children's Advocacy Center regarding her interaction with [Appellant]. The information [Victim] provided was like what she told [Officer] Jones.

[Victim] told the interviewer that she went to [Appellant's] house, located the 900 block of Pannell Street[ in the] City of Chester, numerous times between October and the end of December, and [many] of those visits involved drinking wine and smoking marijuana, which [Appellant] gave her before engaging in various sexual acts with [Victim]. [Appellant] would encourage [Victim] to drink and smoke, telling her that will make her calm and

relaxed. [Victim] described the feeling she had after drinking and smoking marijuana as "high."

[Victim] said that [Appellant] took her to local shopping malls and one time to New York City where he bought her anything she wanted. [Appellant] spent approximately $ 1,000.00 on [Victim] while in New York City.

On [January 24, 2021,] a search warrant was [executed] on the cell phone of [Victim], the described item to be searched, which is the cellphone [Appellant] bought for her.

Detective Edmond Pisani of the [Delaware County Criminal Investigation Division] Computer Forensics Unit conducted the forensic analysis of the phone. Det. Pisani . . . located approximately ten videos and pictures of [Victim] in various stages of undress, and engaging in sex acts with [Appellant]. The identification of [Appellant] as the perpetrator of these crimes against [Victim] is based on [Victim's] identification as well as the evidence discovered on a cell phone that [Appellant] sent [the photos] to [that Victim] was using because [Appellant] bought the phone for [Victim.] In addition, Det. Pisani obtained GPS data from exit information, which pinpoints the location of the creation of the videos and pictures at [Appellant's] residence on Pennell Street[.]

Trial Ct. Op., 6/28/24, at 15-17 (endnotes omitted and some formatting altered).

On October 13, 2023, Appellant entered a guilty plea to the above-stated charges. On January 12, 2024, the trial court imposed an aggregate sentence of seven and a half to fifteen years of incarceration. Specifically, the court sentenced Appellant to 60 to 120 months' incarceration for trafficking in individuals, 30 to 60 months' incarceration for each count of Sexual Abuse - Photographs, 2 to 4 years' incarceration for Sexual Abuse – Disseminates, and 2 to 4 years' incarceration for Sexual Abuse - Possesses. The trial court imposed all of the sentences for Sexual Abuse – Photographs to run concurrent

to each other and imposed those sentences consecutive to the sentence for trafficking in individuals. Additionally, the trial court imposed all of Appellant's other sentences concurrent to the sentences for trafficking in individuals and Sexual Abuse – Photographs.

On January 12, 2024, Appellant filed post-sentence motions seeking reconsideration of sentence and the withdrawal of his guilty plea. The trial court denied those motions on February 8, 2024. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises the following issues for our review:

1. The [trial court] abused its discretion in denying Appellant's post sentence motion to withdraw guilty plea, where Appellant's guilty plea was not knowing, intelligent or voluntary, where Appellant entered guilty plea to charge of Trafficking in Individuals, 18 [Pa.C.S. §] 3011(a), where the Commonwealth's complaint did not allege that [Victim] had been subjected to sexual servitude, which benefited Appellant financially, thereby prejudicing Appellant's right to a fair trial?

2. Whether the [trial] court abused its discretion in imposing a manifestly excessive aggregate cumulative sentence of [seven and a half to fifteen[4]] years, where . . . Appellant had a minimal criminal history, consisting of two misdemeanor convictions for writing bad checks, non-violent offenses, Appellant entered a guilty plea and accepted responsibility, thereby saving judicial economy by foregoing his right to trial, and the Commonwealth falsely claimed during Appellant's sentencing hearing that Appellant was arrested for arson, for setting his own car on fire?

---

[4] The statement of questions in Appellant's brief incorrectly states that his sentence was seven to fourteen years' incarceration. **Compare** Appellant's Brief at 5 **with** Appellant's Brief at 23.

3. The [trial] court abused its discretion in holding that the Commonwealth did not engage in prosecutorial misconduct, where the Commonwealth falsely alleged during Appellant's sentencing hearing that Appellant had been charged and committed arson, thereby denying Appellant's right to a fair sentencing hearing?

Appellant's Brief at 5 (some formatting altered).

**Post-Sentence Withdraw of Guilty Plea**

In his first claim, Appellant argues that the trial court erred by denying his post-sentence motion to withdraw his guilty plea. *Id.* at 5, 12-16. Specifically, Appellant contends that his guilty plea to trafficking in individuals was not knowing, intelligent, and voluntary because "the Commonwealth's complaint did not allege that [] Victim . . . had been subjected to sexual servitude to . . . financially benefit [A]ppellant."[5] *Id.* at 12 (some formatting altered). Appellant claims that trafficking in individuals requires proof that he "coerced or solicited [Victim] to provide sexual favor[s] for money for his benefit" and, because there were no allegations or evidence that Appellant did so, his plea was unknowing and unintelligent. *Id.* at 14-16 (some formatting altered). Appellant concludes that, since his plea was unknowing and

_____

[5] Appellant's argument focuses on whether or not he financially benefitted from the victim's sexual servitude. *See* Appellant's Brief at 12, 14-16. Additionally, in several places in his brief, Appellant refers to 18 Pa.C.S. § 3011(a)(2). *See id.* at 12, 14-15. However, Appellant did not plead guilty to trafficking in individuals pursuant to 18 Pa.C.S. § 3011(a)(2) and financially benefitting from an individual's sexual servitude is not an element of trafficking in individuals pursuant to 18 Pa.C.S. § 3011(a)(1), the crime that Appellant pled guilty to. To the extent that Appellant is arguing that the factual basis did not support the elements of 18 Pa.C.S. § 3011(a)(2), that argument is meritless as he did not plead guilty to a crime under that subsection.

unintelligent, it is invalid and, therefore, the trial court abused its discretion by denying his motion. ***Id.***

"A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." ***Commonwealth v. Pardo***, 35 A.3d 1222, 1227 (Pa. Super. 2011) (citation omitted).

This Court has explained:

Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and footnote omitted and formatting altered).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's plea is truly knowing and voluntary. ***Commonwealth v. Maddox***, 300 A.2d 503, 504 (Pa. 1973). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea,

3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted); *see also* Pa.R.Crim.P. 590, cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

Further, nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea." *Id.* at 1212 (citation omitted and formatting altered). Further, a "defendant is bound by statements he makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty". *Reid*, 117 A.3d at 783 (citation omitted).

Trafficking in individuals pursuant to 18 Pa.C.S. § 3011(a)(1) is defined as follows:

> A person commits a felony of the first degree if the person recruits, entices, solicits, patronizes, advertises, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subject to sexual servitude[.]

18 Pa.C.S. § 3011(a)(1) (some formatting altered). Further, "[s]exual servitude of a minor occurs whenever any sexual conduct or performance involving sexual conduct of a minor occurs, regardless of the presence of force, fraud or coercion on the part of the person inducing or receiving the conduct." 18 Pa.C.S. § 3011, cmt.

Here, the trial court explained:

[Appellant] was well aware [the trafficking in individuals charge] entailed the prosecution alleging a minor [victim] being subject to sexual servitude. The Commonwealth beginning with the filing of its criminal complaint and continuing through both the [Appellant's] plea of guilty and sentencing has maintained at all times the complainant . . . was a minor. The prosecution from the [case's] commencement[,] in addition to the trafficking in individuals offense[,] charged [Appellant] with numerous and various sexual abuse of children counts, all alleging his creating, possessing and/or disseminating child pornography images of the same minor complainant. Further, the complainant being under the age of eighteen (18) years was certainly known to the defense from this case's outset and acknowledged by [Appellant] and his attorney both at the time of the guilty plea and sentencing.

Trial Ct. Op. at 29-30 (citations and endnotes omitted, some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion to withdraw his guilty plea. *See* *Pardo*, 35 A.3d at 1227. The following exchange at the plea hearing establishes that Appellant was aware he was pleading guilty to trafficking in individuals under 18 Pa.C.S. § 3011(a)(1) and the elements the Commonwealth would have to prove to convict him of the charge had he gone to trial:

- 9 -

[Trial Court]: Well, Ms. Kemp, take a look at your Information because I was working from that. You might need an amendment.

[Prosecution]: Your Honor, it doesn't have a subsection on the instruction, which is what I printed out.

[Trial Court]: I appreciate that, but again, I think I'd like you to take a look at your Information to make sure that you have what you believe to be the count consistent with discussions because it's 30 -- you have 3011(a)(1).

[Prosecution]: No, Your Honor, because sexual servitude, it's the proper section under 3011(a).

[Trial Court]: Okay.

[Prosecution]: Sexual servitude is defined as it goes through the litany of sex by force or other things or victim is a minor. So that's what we're proceeding under. We're not --

[Trial Court]: **Proceeding under which, please?**

[Prosecution]: The -- **what it was originally charged as, Your Honor, 3011(a).**

[Trial Court]: **(a)(1).**

[Prosecution]: **Yes, Your Honor.**

[Trial Court]: All right.

[Prosecution]: And, Your Honor, that would be sexual servitude as defined as exchange of currency or item of value for sexual --

[Trial Court]: All right.

[Prosecution]: -- acts with a minor.

[Trial Court]: All right. **[Appellant], I'm going to define for you, sir, once more Count 1, trafficking in individuals, a first-degree felony. To be proven guilty of this offense, the Commonwealth must establish beyond a reasonable doubt that you recruited, enticed, solicited, harbored, transported, provided, and/or obtained or maintained an individual; second, that you knew or recklessly disregarding the individual would be subject to sexual servitude** and/or you knowingly benefitting financially or received anything else of value from any act that you knew

facilitated the recruitment, enticement, solicitation, transportation, provision, obtaining and/or maintaining of such a person subject to sexual servitude. **Sexual servitude is defined as any touching or exposing of the sexual or other intimate parts of an individual for purposes of gratifying sexual desire of any individual or performance involved -- involving a sex act for which anything of value is directly or indirectly given, promised, or received by any individual. Is this the offense of trafficking in individuals to which you're pleading guilty?**

**[Appellant]: Yes.**

[Appellant's Counsel]: Yes.

N.T. Plea Hr'g, 10/13/2023, at 18-20 (emphasis added and some formatting altered).

Further, Appellant's written guilty plea colloquy also establishes that he understood that he was pleading guilty to trafficking as a felony of the first degree, that he was not contesting that he committed each element of the crimes to which he was pleading guilty to, and that he conceded that the Commonwealth could prove "each element of these crimes beyond a reasonable doubt." Guilty Plea Statement at 3 (unpaginated). Appellant confirmed during the hearing that he reviewed the guilty plea statement with counsel, that he signed and initialed the statement, and that he understood it. *See* N.T. Plea Hr'g, 10/13/2023, at 11-12.

Additionally, the Commonwealth and Appellant agreed to admit several exhibits to provide the factual basis for the plea. *See id.* at 27-28. These exhibits included the affidavit of probable cause, which established, *inter alia*, that Appellant, in exchange for sex, gave the Victim money and purchased

items for her including clothes, sneakers, and an iPhone. ***See id.***; Criminal Complaint, 1/26/21, at 7-9. Additionally, the affidavit established that Appellant spent approximately $2000 in exchange for sex with Victim including taking her to New York City where he spent approximately $1000. Criminal Complaint at 8. The affidavit concludes that Appellant "knowingly procured [Victim,] who is 17-years-old[,] strictly for sexual pleasure in exchange for monetary and material gifts" and that Appellant "was aware of the age of [Victim] because they discussed his plans to celebrate her 18th birthday" and "admitted to [police] that he knew [Victim] was a minor and he eluded that they were sexually involved and he gave her material things worth hundreds of dollars." ***Id.*** at 9. These facts were sufficient to establish that Appellant committed trafficking in individuals. ***See*** 18 Pa.C.S. § 3011(a)(1) & cmt.

Further, throughout the plea hearing, Appellant asked the court several questions to better understand the plea process. ***See*** N.T. Plea Hr'g, 10/13/2023, at 11-12, 21-25, 33-35. However, Appellant did not ask for more clarification regarding the trafficking in individuals charge. ***See id.*** at 19-20. At the end of the hearing, Appellant confirmed that he did not have any other questions regarding his plea. ***Id.*** at 35. The trial court then asked if Appellant was sure that he had no further questions, and Appellant stated he was "positive" that he did not. ***Id.*** (some formatting changed).

Based upon the totality of the circumstances, the record establishes that Appellant's plea to the trafficking in individuals charge was knowing,

intelligent, and voluntary.[6]  *See Hart*, 174 A.3d at 664-65.  Appellant agreed to the admission of the exhibits that served as the factual basis for his plea. Those exhibits clearly established that Appellant committed trafficking in individuals pursuant to 18 Pa.C.S. § 3011(a)(1).  Further, the court explained the charge and the elements that the Commonwealth would have to prove to convict Appellant of the charge.  After the recitation, Appellant confirmed that he was pleading guilty to that specific charge.  In the written colloquy, Appellant confirmed he was pleading guilty to the trafficking in individuals charge and conceded that he committed the offense and that the Commonwealth could prove it beyond a reasonable doubt.  Appellant told the court that he understood the plea agreement and, while Appellant asked numerous questions about the other charges he was pleading guilty to, he never voiced confusion about the trafficking in individuals charge.  When the court asked at the conclusion of the hearing whether he had any other questions, Appellant twice asserted that he did not have any other questions. Appellant cannot now contradict the statements he made under oath at the plea hearing.  *Reid*, 117 A.3d at 783.  Accordingly, Appellant's guilty plea was knowing, intelligent, and voluntary and the trial court did not abuse its

_____

[6] Appellant does not challenge the validity of his plea based upon a failure of the trial court to notify him about his right to a jury trial, his presumption of innocence, the sentencing ranges, or the plea court's power to deviate from any recommended sentence.  However, we note that all of those topics were addressed either at the plea hearing or in Appellant's written guilty plea colloquy.  *See* N.T. Plea Hr'g, 10/13/2023, at 5-6, 29; Guilty Plea Statement at 2 (unpaginated) (notifying Appellant that he has "a right to have a trial" and that he is "presumed to be innocent of these crimes").

discretion in denying his motion to withdraw his guilty plea. **See Hart**, 174 A.3d at 664-65; **Pardo**, 35 A.3d at 1227. No relief is due.

**Discretionary Sentencing Claim**

Appellant next claims that the court abused its discretion by imposing a manifestly excessive aggregate sentence because Appellant has a minimal criminal history, accepted responsibility by pleading guilty, and because "the Commonwealth falsely claimed during Appellant's sentencing [hearing] that Appellant was arrested for arson for setting his own car on fire." Appellant's Brief at 16. Additionally, Appellant argues that the sentencing court relied on an erroneous offense gravity score to determine Appellant's sentence. **Id.** at 21-22. Specifically, Appellant argues that the court applied an offense gravity score of twelve for trafficking in individuals when the correct offense gravity score was a ten. **See id.**

These claims implicate the discretionary aspects of Appellant's sentence. **See Commonwealth v. Kurtz**, 294 A.3d 509, 535 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023) (stating that a claim that the sentencing court disregarded mitigating factors implicates the discretionary aspects of sentencing); **Commonwealth v. Kemp**, 195 A.3d 269, 277 n.2 (Pa. Super. 2018) (stating "[a] challenge to the calculation of the applicable sentencing guidelines relates to the discretionary aspects of a sentence" (citation omitted)); **Commonwealth v. Kerstetter**, 580 A.2d 1134, 1135-36 (Pa. Super. 1990) (analyzing a claim that the trial court relied

- 14 -

on erroneous information at sentencing under the abuse of discretion standard).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his issues by raising them in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claims present a substantial question for our review. ***See Commonwealth v. Myers***, 324 A.3d 528, 535 (Pa. Super. 2024) (explaining that a claim asserting that the sentencing court misapplied the sentencing guidelines raises a substantial question); ***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022) (providing that a claim that the trial court failed to adequately consider mitigating factors and imposed an excessive sentence, presents a substantial question); ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (stating a "claim that the trial court relied upon incorrect factual assertions when imposing sentence asserts a substantial question" (quotations omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

- 16 -

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Commonwealth v. Raven**, 97 A.3d 1244, 1253-54 (Pa. Super. 2015)

(citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). Further, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all

witnesses firsthand. ***See Kurtz***, 294 A.3d at 536. In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court addressed Appellant's sentencing claim as follows:

The court in imposing its sentencing, *inter alia*, fully reviewed and considered all such aids, including but not limited to the pre-sentence investigation report, as well as the [Appellant's] psychosexual and psychological evaluations, and the [parties'] respective sentencing memoranda.

\* \* \*

The prosecution at sentencing advocated in the aggregate this court impose through such consecutive direction of the various counts to which [Appellant] pled guilty thirteen (13) to twenty-six (26) years incarceration followed by a probationary term. Counsel for [Appellant] argued for a minimum sentence of approximately eleven (11) months imprisonment and although characterized by [Appellant's] lawyer as a mitigated sentence such was appreciably beneath the most significant offense's sentencing guidelines' mitigated range.

The court in fashioning its sentence rejected both that advanced by the prosecution and [Appellant] and imposed for each count minimum sentences wholly consistent with [Appellant's] applicable Pennsylvania sentencing guidelines' standard ranges, albeit in one instance it directed a consecutive term, with the overwhelming majority of its sentences ordered to run concurrently. In short, the aggregate minimum of imprisonment this court imposed was an approximate mid-point between the respective and unsupported extremes [Appellant] and Commonwealth proffered.

The court's sentence was [the] result of a deliberative process and not a reactionary product inflamed by passion, bias, ill-will, impartiality, and/or spite. [Appellant's] sentence was not unduly harsh and/or excessive, but rather a reasoned function of his criminality recognizing he victimized a minor complainant

repeatedly in a sexual manner and while his taking and/or videotaping intimate images as he argues may [] have been consensual, while albeit unquestionably acts of criminality given the complainant being less than eighteen (18) years old, there is not a scintilla of evidence the underage complainant was aware, let alone agreed to [Appellant] disseminating those sexual images.

Trial Ct. Op. at 40-42 (citations omitted and some formatting altered).

Additionally, the trial court noted:

[T]he court has[,] in reaching its decision regarding this sentencing reconsideration application[,] considered the [Appellant's] belatedly advanced claim that count 1 — trafficking in individuals, 18 Pa.C.S. § 3011, has a[n] offense gravity score of ten (10) and not that of a twelve (12) as the previously unopposed guidelines listed.

*        *        *

The Pennsylvania Sentencing Guidelines where the victim of trafficking in individuals, 18 Pa.C.S. § 3011, is a minor constrained by a defendant to "sexual servitude" unquestionably note a twelve (12) offense gravity score.

The court[,] in light of the foregoing[,] does not find [Appellant's] post-sentence argument challenging the offense gravity score attendant to count 1 — trafficking in individuals, 18 Pa.C.S. § 3011, to have merit.

Trial Ct. Order Denying Mot. for Reconsideration, 2/7/24, at 1 n.5 (citations omitted and some formatting altered).

After review, we discern no abuse of discretion by the trial court. **See Raven**, 97 A.3d at 1253-54. As to Appellant's argument that the court failed to consider mitigating factors such as his minimal criminal history and acceptance of responsibility by pleading guilty, the trial court specifically noted that it reviewed the PSI report, the psychosexual and psychological

evaluations of Appellant,[7] and Appellant's sentencing memorandum. Trial Ct. Op. at 40-42; ***see also*** N.T. Sentencing Hr'g at 40. Where the trial court reviewed the pre-sentence investigation report, we presume the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. ***See Edwards***, 194 A.3d at 638; ***see also Kurtz***, 294 A.3d at 536.

Additionally, the record confirms that the trial court considered all required factors under the sentencing code. ***See*** N.T. Sentencing Hr'g at 40 (stating that the trial court gave "due consideration to . . . all else required by the Pennsylvania sentencing code"). This Court will not re-weigh the trial court's considerations of sentencing factors on appeal. ***See Kurtz***, 294 A.3d at 536; ***see also Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors).

Additionally, we agree with the trial court's determination that Appellant's argument regarding its alleged use of an incorrect offense gravity score is meritless. The incidents underlying Appellant's charges were listed as occurring between October 1, 2020 and December 30, 2020. ***See*** Criminal Complaint at 1. Accordingly, the fifth amendment of the seventh edition of the sentencing guidelines applies to his offenses. ***See*** 204 Pa.Code § 303.1

---

[7] Defendant was not found to be a sexually violent predator. ***See*** N.T. Sentencing Hr'g at 16.

(c)(2). Under that edition and amendment of the sentencing guidelines, trafficking in individuals, pursuant to 18 Pa.C.S. § 3011(a)(1), has an offense gravity score of twelve. *See* 204 Pa.Code § 303.15 (effective date 4/6/2020).[8] Since the offense gravity score was a twelve, and not a ten as Appellant argues, Appellant's claim is meritless.

Finally, as to Appellant's argument that the trial court considered erroneous information at sentencing, the record reflects that the trial court did not base its sentencing decision on that information. *See* N.T. Post-Sentence Mot. Hr'g, 1/26/24, at 23 (reflecting the trial court's statement that whether or not Appellant had committed arson "was not at the heart of [the] sentence [] imposed"). Accordingly, we conclude that Appellant is not entitled to relief on this claim.

## Prosecutorial Misconduct

Appellant's final claim is that the trial court "abused its discretion in holding that the Commonwealth did not [engage] in prosecutorial misconduct, where the Commonwealth falsely alleged during [Appellant's] sentencing hearing that Appellant had been charged with committing arson, thereby denying Appellant a fair sentencing hearing." Appellant's Brief at 23.

_____

[8] Trafficking in individuals was amended in 2020 with the amendment effective on April 6, 2020. *See* Act 2020-1, S.B. 60, 204th Gen. Assemb., Reg. Sess. (Pa. 2020). The sentencing commission made the offense gravity score for that section a twelve once the amendment was effective. *See* 303.15 Offense List (Recently Enacted Legislation), https://pennstateoffice365.sharepoint.com/:b:/s/PCSFileshare/EcbrQ3wk86 RPlBVhX3cnf3IB7k26PDoRUt1AB33MoGMhAQ?.

Specifically, Appellant challenges the prosecution's assertion that "someone was in fact prosecuted for the arson of [Appellant's] vehicle, [Appellant], because it was found that he . . . committed [insurance fraud] with respect to the items [that were] in it." *Id.* (quoting N.T., 1/12/24, at 29).

Before reaching the merits of this claim, we must address whether the claim is preserved for our review. *See Commonwealth v. Edmondson*, 718 A.2d 751, 753 n.7 (Pa. 1998) (explaining that appellate courts may raise the issue of waiver *sua sponte*). In order to preserve a claim of prosecutorial misconduct, defense counsel must make a contemporaneous objection before the trial court. *See Commonwealth v. Hairston*, 84 A.3d 657, 677 (Pa. 2014); *Commonwealth v. Rowland*, 2802 EDA 2023, 2024 WL 3409032, at *4 (Pa. Super. filed July 15, 2024) (unpublished mem.)[9] (stating that in the context of comments made at a sentencing hearing defense counsel must make a "contemporaneous objection in the trial court" to preserve the issue for appellate review (citation omitted)); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Further, we note that:

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of

_____

[9] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent[.]

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of lacunae in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) (citations omitted). "Failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issues sought to be reviewed." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (some formatting altered).

Here, the transcript from the sentencing hearing confirms that Appellant did not object to the prosecutor's comment that he now seeks to challenge on appeal. *See* N.T. Sentencing Hr'g, 1/12/24, at 28-30. In his brief, Appellant contends that counsel "immediately challenged the [prosecution's] claim . . . that Appellant had been arrested and charged for arson and made an oral motion for prosecutorial misconduct, which was denied by the court, but [it]

is not included in the record."[10]   Appellant's Brief at 24.   Appellant then "petitions this [C]ourt to listen to the audio recording of the January 12, 2024 hearing." *Id.*   However, the audio recording is not part of the certified record on appeal,[11] and it is an appellant's duty to ensure that certified record on appeal is complete for our review.  *See Preston*, 904 A.2d at 7.  Therefore, Appellant's failure to include the audio recording, which he contends shows he preserved the issue with a contemporaneous objection, results in waiver of this issue on appeal.  *See Lopez*, 57 A.3d at 82.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/27/2025

---

[10] Both the trial court and Commonwealth note that defense counsel failed to make an objection to preserve this issue.  *See* Trial Ct. Op. at 46; Commonwealth's Brief at 12-13.

[11] We note that on August 23, 2024 counsel sought a remand from this Court to ensure that the record on appeal contained the notes of testimony from Appellant's sentencing hearing and post-sentence motion hearing.  *See* Mot. for Remand, 8/23/24, at ¶¶ 10-11.  Appellant did not seek a remand to ensure that the audio recording was included in the record on appeal.